### THOMAS *v.* BRANTLEY *et al.*

1. Where the issue tried was whether a deed had been procured by fraud and misrepresentation, a mere failure to instruct the jury as to the effect thereon of inadequacy of the consideration paid is not sufficient cause to order a new trial.
2. The evidence authorized the verdict.

Argued July 15, — Decided August 14, 1903.

Warrant to evict tenant.    Before Judge Evans.    Washington superior court.    September 27, 1902.

*Rawlings & Howard* and *Hardwick & Hyman*, for plaintiff in error.    *Evans & Evans*, contra.

SIMMONS, C. J.    Proceedings were brought to evict Maria Thomas from certain premises as a tenant holding over.    The defendant, by counter-affidavit, denied that she held the premises under the plaintiffs or their privies.    The jury found for the plaintiffs.    The defendant moved for a new trial, the motion was overruled, and the movant excepted.    Upon the trial of the case the plaintiffs relied upon a chain of title which included a deed to them from the defendant.    This deed and the collateral contract of rental the defendant claimed were invalid, because procured from her by fraud.    The trial of the right of possession was made to turn upon the question of the validity of this deed and contract. One ground of the motion for new trial complained that " the court erred in wholly failing to charge the jury that, in determining the question as to whether the defendant had been induced to sign the deed to the plaintiffs by reason of the fraudulent representations alleged to have been made to her by said plaintiffs, they might consider the inadequacy of the price paid for said land by the plaintiffs to defendant, in case they found that the price was inadequate under the evidence."

1.    In the first place, it is doubtful whether there was evidence to authorize a finding that the price paid for the land was so grossly inadequate as to evidence fraud.    But whether this be true or not, there was no error in failing to charge on the subject of inadequacy of price; for the defendant did not request any charge on the subject, and the court did charge on the subject of fraud generally.    While the court, with or without a request, should charge on the issues made in the case, the verdict will not be set aside because of a failure to charge on an incidental and collateral issue.    The defense in this case was fraud, and upon that defense the court charged.    If the defendant wished more specific instructions, she should have requested them.    If she wished especial attention called to the effect of inadequacy of consideration on the main issue (that of fraud), a legal written request should have been made.    In the absence of such a request, the mere failure to

charge on the effect of inadequacy of consideration will not result in a reversal.

2.   The only remaining grounds of the motion for new trial complain that the verdict was contrary to the evidence and without evidence to support it.   They are without merit, for the evidence of the plaintiffs was amply sufficient to sustain the finding of the jury.                    *Judgment affirmed.   By five Justices.*